UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEANDERYL CRAWFORD,

    Petitioner,

               Case No. 15-11885
 v.             Hon. Terrence G. Berg

W. SMITH,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (DKT. 9), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (DKT. 3), DENYING PETITIONER'S PENDING MOTIONS (DKT. NOS. 5, 7, 8, 11 and 12) AND DENYING CERTIFICATE OF APPEALABILITY AND PERMISSION TO APPEAL IN FORMA PAUPERIS**

  Petitioner Seanderyl Crawford, a Michigan Department of Corrections prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Muskegon Circuit Court guilty plea conviction for attempted delivery of less than 50 grams of heroin, Mich. Comp. Laws § 333.7401(2)(a). The petition raises four grounds for relief: 1) the trial court lacked subject matter jurisdiction over Petitioner's case, 2) Petitioner was never properly served with a copy of the criminal complaint, 3) the prosecutor committed misconduct, and 4) Petitioner was denied the effective assistance of counsel during plea bargaining.

  This matter is before the Court on Respondent's motion for summary judgment, in which he asks the Court to dismiss the petition as untimely. (Dkt. 9). Also before the Court are multiple pro se pleadings filed by Petitioner. (Dkt. Nos. 5,

7, 8, 11 and 12). The Court will grant Respondent's motion for summary judgment and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d). The Court will deny Petitioner's pending motions, deny Petitioner a certificate of appealability, and deny permission to proceed on appeal in forma pauperis.

## I. FACTUAL BACKGROUND

The charges against Petitioner arose when he was caught with heroin in his prison cell. Petitioner pleaded guilty to the offense indicated above and was sentenced on July 8, 2013. (Dkt. 9, p. 9). Under state law, he had six months from that date, until January 8, 2014, to initiate a direct appeal. *See* Mich. Ct. R. 7.205(G)(3). Petitioner did not file a direct appeal. Instead, on July 3, 2014, Petitioner filed a motion for relief from judgment in the trial court. (*See* Dkt. 10-2). The trial court denied the motion on July 14, 2014, and it denied Petitioner's motion for reconsideration on August 8, 2014. (*See* Dkt. 10-3 and 10-15). Petitioner did not file an appeal from the denial of his motion for relief from judgment.

Petitioner's undated federal habeas petition was filed with the Court on May 22, 2015. (Dkt. 1).

## II. DISCUSSION

### A. Motion for Summary Judgment (Dkt. 9)

Respondent asserts that the petition is subject to dismissal because it was filed after expiration of the one-year statute of limitations under 28 U.S.C. § 2244(d).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the nonmovant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year period of limitation for a habeas petition filed by a state prisoner seeking habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Neither party asserts that a different

starting point applies. Under this provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on July 8, 2013. Under state law, he had six months–or until January 8, 2014–to initiate a direct appeal of his conviction. *See* Mich. Ct. R. 7.205(G)(3). He failed to file a direct appeal, and so the statute of limitations began running on January 9, 2014. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner filed a motion for relief from judgment in the state trial court on July 3, 2014. On that date, Petitioner had a properly filed petition for state post-conviction review pending in the state court, so the limitations period began to toll under § 2244(d)(2). As of July 3, 2014, 176 days had elapsed on the limitations period; then it began to toll under this provision.

The trial court denied Petitioner's motion for reconsideration of its order denying the motion for relief from judgment on August 8, 2014, and Petitioner did not appeal that decision. The day after the trial court denied the motion for reconsideration, the limitations period started running again because Petitioner no longer had a pending petition for state post-conviction review under § 2244(d)(2). Petitioner is not entitled to tolling for the period in which he could have, but did not, appeal the trial court's denial of his motion for relief from judgment. *See Carey v. Saffold*, 536 U.S. 214, 225-226 (2002); *Evans v. Chavis*, 546 U.S. 189, 197 (2006); *Scarber v. Palmer*, 2015 U.S. App. LEXIS 22296 (6th Cir. 2015) ("§ 2244(d)(2)

4

burdens the petitioner with the responsibility of preserving a 'pending' status of review by appealing . . . an otherwise final state-court order[.]"). Accordingly, the limitations period stopped tolling and starting running again on August 9, 2014. 189 days later, on February 14, 2015, the limitations period expired because one year of "untolled" time had gone by (176 days [January 9 – July 3, 2014] plus 189 days [August 9, 2014 – February 14, 2015] = 365 days).

Petitioner filed the instant petition on May 22, 2015. By that time, it had been 286 days since the denial of his motion for reconsideration in the trial court on August 8, 2014. Adding the 176 days the limitations period ran after the time expired to seek direct review, with this additional period of 286 days, a total of 462 days elapsed on the limitations period.

The petition is therefore time-barred unless Petitioner can demonstrate grounds for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (internal quotation marks omitted). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner's "Motion to Administratively Reopen Case with Petition for Entitlement/Equitable Tolling" (Dkt. 11) serves as his response to Respondent's motion for summary judgment. In this pleading, Petitioner concedes that his petition was untimely filed, but he argues that he is entitled to equitable tolling.

5

(*Id.* at 6). Petitioner asserts that he was placed in administrative segregation on March 27, 2015, and did not have access to his legal paperwork starting on that date. (*Id.* at 8). He appears to state that his habeas petition was mistakenly sent from the mail room to his prison counselor at that time because of his placement in segregation. (*Id.* at 9). He states that he was released from segregation on April 17, 2015, but he had difficulty having his legal materials returned to him due to a series of prison transfers resulting from misconduct charges. (*Id.* at 9). Petitioner alleges that he signed his habeas petition on or about January 8, 2015, and turned it over to corrections officials, but he forgot to date it. (*Id.* at 11). He concludes that on or about May 18, 2015, he finally learned of the "misappropriation of his habeas corpus petition," and then promptly filed it. (*Id.* at 11).

Petitioner has failed to demonstrate a genuine issue of fact that he is entitled to equitable tolling. First, as noted above, the deadline for filing the habeas petition expired on February 14, 2015. This was before Petitioner alleges that he was placed in administrative segregation. Therefore, even accepting that Petitioner did not have access to his legal materials after he was placed in segregation on March 27, 2015, and then transferred between prisons, these facts are irrelevant because the limitations period had already expired. This timeframe therefore does not present grounds for equitable tolling.

Petitioner also asserts he turned his petition over to prison officials for filing prior to expiration of the limitations period. Delay by prison or other government officials may constitute grounds for equitable tolling. *Pliler v. Ford*, 542 U.S. 225,

235 (2004) (O'Connor, J. concuring). Moreover, under the prisoner mailbox rule, a petition is considered filed when it is placed in the prison mail system. *Houston v. Lack*, 487 U.S. 266, 276 (1988). The burden is on Petitioner, however, to show that he delivered his petition to prison officials within the deadline. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *Medley v. Thaler*, 660 F.3d 833, 834 (5th Cir. 2011) (per curium).

Rule 3(d) of the Rules Governing § 2254 Cases in the United States District Courts states:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, *either of which must set forth the date of deposit* and state that first-class postage has been prepaid.

(emphasis added).

Petitioner used the standard pre-printed form for drafting his habeas petition, and it contains the necessary language to comply with Rule 3(d). Petitioner signed the last page of the form, but he failed to fill in the date where the petition states it "was placed in the prison mailing system." (Dkt. 1, p. 14). Accordingly, Petitioner failed to comply with Rule 3(d)'s requirement, and therefore he cannot receive its benefit to show that he timely placed his petition in the prison mail system.

The record does not support a finding of a genuine issue of material fact as to whether Petitioner turned his petition over to prison authorities before the

expiration of the limitations period. He provides no receipt or mail activity log for having done so, nor does he make any other offer of proof. *See Cosgrove v. MDOC*, 2016 U.S. Dist. LEXIS 21820, *11-12 ( E.D. Mich. Feb. 2, 2016) ("although plaintiff claims defendant Sullivan delayed posting plaintiff's outgoing legal mail, he offers no rebuttal argument or evidence to defendant Sullivan's affidavit and attached mail activity logs which in fact demonstrate timely dispatch of plaintiff's outgoing mail.").

A party opposing summary judgment may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue of fact. *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009). Accordingly, Petitioner has failed to demonstrate grounds for equitably tolling the limitations period.

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S. at 329). For an actual-innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence - whether it be

8

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Shlup* because Petitioner has presented no new, reliable evidence in his petition or response to Respondent's motion to establish that he is actually innocent of the crimes charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Accordingly, the Court will grant Respondent's motion for summary disposition and dismiss the petition.

### B. Motion to Amend/Consolidate (Dkt. 8), and Petition for Intervention (Dkt. 12)

Both of these pleadings begin by stating, "This is an admiralty or maritime claim within the meaning of Rule 9(h)." (Dkt. 8, p. 1; Dkt. 12, p.1.) Court has reviewed the pleadings and cannot discern anything in their contents that merits any form of relief. Nor does anything in these pleadings hint at additional grounds for equitable tolling. These motions will therefore be denied.

### C. Motions and Petitions Regarding Staying Case (Dkt. Nos. 5 and 7)

On June 18, 2015, and October 21, 2015, Petitioner moved to hold his petition in abeyance. Petitioner states that he seeks an order staying his habeas case so that he can "exhaust administrative remedy by filing the necessary form(s), applications related to registering for trade name(s), creditor's paramount position upon claim(s)." (Dkt. 5, p. 1). These pleadings go on to assert that Petitioner has run into difficulty obtaining Uniform Commercial Code forms needed to support his claims.

9

(*See* Dkt. 7, pp. 2-3). Because the petition was untimely filed, these motions are moot. Additionally, the UCC cannot provide a future basis for granting habeas relief. *See, e.g., Van Hazel v. Luoma*, No. 05-cv-73401, 2005 U.S. Dist. LEXIS 25247, 2005 WL 2837356, at *2 (E.D. Mich. October 27, 2005) ("Petitioner cannot divest the State of Michigan of jurisdiction to prosecute him of a criminal offense simply by declaring a security interest in himself pursuant to the Uniform Commercial Code or having another person do so.").

All of Petitioner's pending motions will therefore be denied.

### III. CONCLUSION

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the Court concludes that jurists of reason could not debate the

Court's procedural ruling. A certificate of appealability will therefore be denied. Leave to appeal in forma pauperis is also denied because an appeal of this order could not be taken in good faith. 18 U.S.C. § 1915(a)(3).

## IV.ORDER

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that all of Petitioner's pending motions are **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability and permission for leave to appeal in forma pauperis are **DENIED.**

**SO ORDERED.**


Dated: May 18, 2016                s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE


## Certificate of Service

I hereby certify that this Order was electronically submitted on May 18, 2016, using the CM/ECF system; a copy of this Order was also mailed to the Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, Michigan 48846 directed to Petitioner's attention.

                                   s/A. Chubb
                                   Case Manager